UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MARTIN BROWN**, | |
| Plaintiff, | Case No. |
| v. | |
| **BLUESTEM BRANDS, INC., D/B/A FINGERHUT**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

Martin Brown, (Plaintiff), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against Bluestem Brands, Inc. d/b/a Fingerhut (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Wisconsin.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Racine, Wisconsin 53404.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with headquarters at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or before May 2015 and continuing through in or around April 2016, Defendant repeatedly called Plaintiff on his cellular telephone in regard to a disputed charge on his account.

13. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as the calls would start with a pause or delay with white noise or there would be a pre-recorded message that would play before being connected with Defendant's live representatives.

15. In or around May 2015, Plaintiff told Defendant to stop calling.

16. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

2

17. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff through in or around April 2016.

18. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

23. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

24. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

25. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or automated voice to Plaintiff's cellular telephone.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

3

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

Wherefore, Plaintiff, Martin Brown, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Martin Brown, demands a jury trial in this case.

Respectfully submitted,

Dated: 12/19/17

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com